IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LA RESOLANA ARCHITECTS, PA,**
**a New Mexico corporation,**

      Plaintiff,

vs.                                       Civ. No. 03-1337 ACT/RHS

**CLAY REALTORS ANGEL FIRE,**
**a New Mexico corporation, et al.,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Plante and Clay and Reno, Inc., d/b/a Clay Realtors Motion to Dismiss and Memorandum of Authorities in Support Thereof filed March 8, 2004.[1] Docket No. 14. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motion is well taken and will be granted.

Legal Standard.

The court is required to accept as true all well-pleaded facts alleged in plaintiff's complaint when addressing a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *Housing Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991)(citations omitted), cert. denied 504 U.S. 912 (1992). A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only if the plaintiff can

---

[1] The Court entered an order on this Motion on April 15, 2004. It was subsequently withdrawn due to confusion as to whether all the parties had consented to me to preside over this matter.

prove no set of facts in support of its claim which would entitle it to relief. *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), cert. denied 522 U.S. 858 (1997).

Discussion.

This action arises out of the promotion, sales and building of a residential community located in Angel Fire, New Mexico. Plaintiff asserts that Defendants used his design drawings to promote, sell and build a residential community. Plaintiff alleges two counts in his Complaint, copyright infringement and violation of the New Mexico Unfair Trade Practices Act. Plaintiff further alleges that he has applied for Certificates of Registration for his architectural artwork. Complaint, ¶14.

Plaintiff's copyright infringement claim is brought pursuant to §411(a) of the Copyright Act which states as follows:

> No action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title. In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. §411(a).

The issue before the Court is whether an actual registration certificate or denial of the same is a jurisdictional prerequisite to institute an action for copyright infringement. The Tenth Circuit has not ruled on this issue. And though the plain language of the statute requires registration of a copyright or refusal of registration, courts have ruled differently on this issue.

Some courts have held that subject matter jurisdiction exists when the plaintiff has initiated the process of obtaining registration certificates. *In Apple Barrel Productions., Inc. v. Beard*, 730 F.2d 384 (5th Cir. 1984). The Fifth Circuit held that Plaintiff's' showing of payment of the required fee, depositing the work, and the Copyright's Office's receipt of the application was sufficient to

maintaining an action for copyright infringement. *Id*. Other jurisdictions have ruled that receipt of an actual registration certificate or a denial of the copyright is a jurisdictional prerequisite to instituting an action for copyright infringement. *M.G.B. Homes v. Ameron Homes*, 903 F.2d 1486, 1488-89 (11th Cir. 1990); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281 (11th Cir. 2000).

The Court finds that the plain language of the statute controls. *United States v. Ron Pair Enterprises*, 489 U.S. 235, 242 (1989)("The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstably at odds with the intention of its drafters."); *Resolution Trust Corp. v. Westgate Partners, Ltd.*, 937 F.2d 526, 529-30 (10th Cir. 1991) (a court is to apply the plain language of a statute unless " a plain language interpretation would lead to an outcome so 'absurd' that Congress clearly could not have intended such an outcome").

Here, the plain language of the statute requires "registration of the copyright claim." 17 U.S.C. §411(a). Thus, registration of a copyright is a prerequisite to filing of an infringement action. *Goebel v. Manis*, 39 F. Supp. 2d 1318 (D. Kan. 1999); *Gerig v. Krause Publications, Inc*. 33 F. Supp. 2d 1304 (D. Kan. 1999); *Gates Rubber Co v. Bando Chem. Indus.*, 9 F.3d 823 (10th Cir 1993)("In order to prevail on a claim of copyright infringement, the plaintiff must show: (1) ownership of a valid copyright..."). As Plaintiff has not alleged a registration of a copyright, his claim for copyright infringement must be dismissed.

Count I has been asserted against all four Defendants. However, the Motion was filed on behalf of only three of the Defendants, Mr. Plante, Mr. Clay and Clay Realtors Angel Fire. As the same analysis would apply to the fourth Defendant, Angel Fire Home Design, Count I will be dismissed as to all Defendants. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).

3

The Court will also dismiss Plaintiff's state law cause of action brought under the New Mexico Unfair Trade Practices Act. Without a federal question remaining or diversity jurisdiction existing, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claim brought under the New Mexico Unfair Trade Practices Act. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966)("If the federal claims are dismissed before trial, ...the state claims should be dismissed as well.")

The Court notes that Plaintiff attached a document to his Response from the U.S. Copyright Office dated March 10, 2004. The document states that the U.S. Copyright Office approved the works for registration on January 22, 2004. Exhibit A, Plaintiff's Response. It appears that Plaintiff was seeking to convert the motion to dismiss to a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260 (10th Cir. 1991). The Court will not convert the motion to dismiss to a motion for summary judgment. Exhibit A is not authenticated and thus will not be considered by the Court. *IBP, Inc., v. Mercantile Bank of Topeka*, 6 F. Supp. 2d 1258, 1263 (D. Kan. 1998)("It is well established, however, that a party cannot rely on unauthenticated documents to avoid summary judgment."); *Foster v. AlliedSignal Inc*. 98 F. Supp. 2d 1261 (D. Kan. 2000), rev'd on other grounds, 293 F.3d 1187 (2002). Moreover, the document is hearsay. Fed.R.Evid. 803(6).

In conclusion, the Court will address Plaintiff's argument regarding the local rules and extensions. Defendants' Motion to Dismiss was filed on March 8, 2004. The court entered an opinion on this Motion on April 15, 2004 noting, *inter alia*, that Plaintiff had failed to respond. Plaintiff asserts it had an agreement with Defendants' counsel to extend the time to respond until April 5, 2004 which agreement was subsequently extended for an indefinite time. Plaintiff also points out that D.N.M.LR-Civ 7.6 permits such agreements and D.N.M.LR-Civ. 7.3(b) provides that the

4

movant must file a Notice of Completion of Briefing when the motion is ready for decision. While Plaintiff is technically correct, and perhaps an amendment to clarify an apparent inconsistency in the local rules is in order, common sense would dictate that counsel should submit an order to the Court or at a minimum advise the Court that they have agreed to such a lengthy or open-ended extension so that the Court is aware the Motion is not ready for decision.

**IT IS THEREFORE ORDERED** that Defendants' Plante and Clay and Reno, Inc. d/b/a Clay Realtors Motion to Dismiss and Memorandum of Authorities in Support thereof is granted and Plaintiff's Complaint is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys fees and costs relating to the defense of the Motion to Dismiss is denied.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**